**In re James C. PLATTS, Petitioner.**

**Nos. 14–3225, 14–3226.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
Jan. 30, 2015.

Opinion filed: Feb. 10, 2015.

James C. Platts, Bruceton Mills, WV,
pro se.

Rebecca R. Haywood, Esq., Office of
United States Attorney, Pittsburgh, PA,
for Plaintiff–Respondent.

Before RENDELL, CHAGARES and
SCIRICA, Circuit Judges.

OPINION *

PER CURIAM.

James C. Platts has filed petitions for
writ of mandamus seeking to have this
Court expunge his underlying convictions
from the federal court dockets and from all
public records. While we will grant Platts'
motions seeking to reopen these manda-
mus proceedings, we will deny the peti-
tions.

In W.D. Pa.Crim. No. 07–cr–00021, a
jury found Platts guilty of attempted in-
come tax evasion and nonpayment, and the
District Court sentenced him to concurrent
thirty-month terms of imprisonment. We

affirmed the judgment. *See United States
v. Platts,* 332 Fed.Appx. 725 (3d Cir.2009).
The District Court denied Platts' motion
filed pursuant to 28 U.S.C. § 2255, and we
determined that a certificate of appealabili-
ty was not warranted. *See* C.A. No. 10–
1438. We thereafter denied each of the
four applications Platts filed under 28
U.S.C. § 2244 seeking authorization for
the District Court to consider a second or
successive § 2255 motion. *See* C.A. Nos.
12–3870, 13–1120, 134311 and 13–4618.

In W.D. Pa.Crim. No. 10–cr–00176,
Platts pleaded guilty to multiple counts of
mail fraud, money laundering and conspir-
acy, and the District Court sentenced him
to a forty-six month term of imprisonment.
Although Platts waived his appellate and
collateral challenge rights as part of his
plea agreement, he nonetheless appealed.
We granted the Government's motion to
enforce the appellate waiver and affirmed
on that basis. *See* C.A. No. 12–2327.

Continuing with his relentless quest for
relief, Platts has filed in this Court twenty-
two petitions for writs of mandamus relat-
ed to these two criminal convictions. In
the overwhelming majority of those pro-
ceedings, Platts sought to challenge the
validity of his convictions. These petitions
are no different. Platts, in effect, seeks to
have this Court exercise mandamus juris-
diction to declare his convictions invalid
and direct that the convictions be ex-
punged.

Mandamus, however, is an extraordinary
remedy. *See Kerr v. United States Dist.
Ct.,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48
L.Ed.2d 725 (1976). To obtain mandamus
relief, a petitioner must establish that "(1)
no other adequate means exist to attain
the relief he desires, (2) the party's right

---

* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not

constitute binding precedent.

**60**

to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry,* 558 U.S. 183, 190, 130 S.Ct. 705, 175 L.Ed.2d 657 (2010) (per curiam) (internal quotation marks, alteration omitted). As Platts is by now well aware, he may not use a mandamus petition as a substitute for the appeals process. *See In re Briscoe,* 448 F.3d 201, 212 (3d Cir.2006). Platts has also been advised on numerous occasions that a motion filed pursuant to 28 U.S.C. § 2255 is the presumptive means to challenge the validity of a conviction or sentence. *See Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002). Accordingly, we do not hesitate to conclude that Platts has failed to demonstrate that he is entitled to mandamus relief, and we will deny these petitions without further discussion.

We are mindful of the admonitions that we provided Platts with respect to his persistent mandamus filings involving his criminal convictions and sentences at W.D. Pa.Crim. Nos. 2:07–cr–00021–001 and 2:10–cr–00176–001. *See In re Platts,* 588 Fed.Appx. 90, 91 (3d Cir.2014) (relating to W.D.Pa.Crim. No. 07–cr–00021); *In re Platts,* 578 Fed.Appx. 77 (3d Cir.2014) (relating to W.D.Pa.Crim. No. 10–cr–00176). We once again warn Platts that, should he continue to file mandamus petitions that challenge these convictions or sentences, we will consider imposing appropriate sanctions, including an injunction against initiating mandamus actions or filing motions or documents related to those criminal cases without prior leave of the Court. We will refrain from doing so at this juncture since the petitions before us now were filed prior to the issuance of our decisions in C.A. Nos. 14–3482 and 14–3575.

---

* This disposition is not an opinion of the full

In light of the foregoing, Platts' petitions will be denied